UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Criminal Case No. 98-80147

Jerome L. Wood,                     Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S SECOND
## MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Jerome Wood ("Wood") was convicted of bank robbery and was sentenced to a total of 188 months of imprisonment. The matter is before the Court on Defendant Wood's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based, in part, upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

### BACKGROUND

On January 30, 1998, Wood robbed a bank in Southfield, Michigan at gunpoint. Ten days later, Wood robbed a gas station at gunpoint. The State of Michigan arrested Wood and charged him for the gas station robbery.

On May 28, 1998, Wood was charged in federal court for the bank robbery. (ECF No. 1). On July 29, 1998, Wood pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a). (ECF No. 4). His Guidelines Range called for a sentence between 188 and

235 months on his federal conviction.

On September 9, 1998, a Michigan jury convicted Wood for the gas station robbery and for being a felon in possession of a firearm. On September 28, 1998, Wood was sentenced to a minimum of 20 years in state prison. His state sentence contemplated a maximum term of 30 years.

On November 2, 1998, the Honorable Lawrence P. Zatkoff sentenced Wood to 188 months of imprisonment on his federal conviction. (ECF No. 11). This sentence was at the bottom of Wood's Guidelines Range. Judge Zatkoff ordered that Wood's federal sentence would run consecutive to his state sentence.

Wood appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his sentence on April 17, 2000. *United States v. Wood*, 209 F.3d 847 (6th Cir. 2000). Wood petitioned for a writ of certiorari from the United States Supreme Court, but his petition was denied on July 31, 2000. (ECF No. 31).

Wood served 20 years in state prison. On May 7, 2018, Wood finished his state sentence and was transferred to federal custody to begin serving his federal sentence. According to the Bureau of Prisons's ("BOP") website, Wood is expected to be released on June 21, 2031.

In early 2020, COVID-19 hit the United States. On June 30, 2020, the Court received and docketed a motion for compassionate release from Wood. (ECF No. 33). Wood argued that he may develop life-threatening symptoms if he is infected with COVID-19 because he has high blood pressure and heart problems.

On August 10, 2020, this Court issued an Opinion and Order wherein it denied Wood's request for counsel and also denied his Motion for Compassionate Release on the merits. (ECF

No. 41). Among other things, this Court concluded that a consideration of the § 3553 factors weighed against granting relief.

Several months after this Court denied Wood's motion, on November 19, 2020, Wood filed a motion asking this Court to "hold any ruling on [his] motion for Compassionate Release" and allow him to supplement his brief. (ECF No. 42). On November 20, 2020, Wood filed a "Memorandum" in support of his Motion for Compassionate Release. (ECF No. 43). Because this Court had already denied his Motion for Compassionate Release, this Court denied his motion seeking to hold his motion in abeyance. The Court construed his submissions as seeking reconsideration of the Court's rulings. After considering his arguments, this Court denied Wood's request for reconsideration. (*See* ECF No. 44, 12/17/20 Order).

On April 28, 2021, Wood filed another motion seeking compassionate release. (ECF No. 45). In it, Wood: 1) continues to argue that he is entitled to compassionate release due to the pandemic and his medical conditions; and 2) asserts that his sentence should be reduced because he would no longer be a career offender is he were resentenced today.

The Government opposes Wood's motion. (*See* ECF Nos. 48 & 51). The Government contends that Wood's motion does not warrant compassionate release because Wood has already had COVID-19 and recovered from it, and because he will soon be fully vaccinated. (ECF No. 48 at 2-3). It also asserts that under Sixth Circuit precedent "a non-retroactive statutory change in § 403 of the First Step Act could not serve, whether by itself or together with other factors, as an extraordinary and compelling reason" under § 3582(c)(1)(A)(I)." (ECF No. 51 at 1) (citing *United States v. Jarvis*, __ F.3d __, 2021 WL 2253235 at *2-3 (6th Cir. June 3, 2021)).

3

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates,

4

and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic

5

alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

This Court continues to believe that Wood is not entitled to compassionate release based upon his concerns about COVID-19 and his medical conditions. As the Government's response notes, Wood already contracted COVID-19 and recovered from it. In addition, although he initially refused the COVID-19 vaccination, Wood has recently received his first and will soon be fully vaccinated. In light of this, the Court finds that Wood has not established extraordinary and compelling circumstances that warrant his release.

In addition, this Court continues to believe that a consideration of the § 3553 factors weighs against Wood's request for compassionate release in this particular case.

Finally, Wood's argument that his sentence should be reduced because he would no longer be a career offender if he were resentenced today does not alter this Court's decision. *Jarvis, supra*.

## CONCLUSION & ORDER

Accordingly, for all of the reasons set forth above, **IT IS ORDERED** that Wood's Second Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: July 8, 2021