UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Criminal Case No. 98-80147

JEROME L. WOOD,                                       Sean F. Cox
                                                                      United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S THIRD
MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Jerome Wood ("Wood") was convicted of bank robbery and was sentenced to a total of 188 months of imprisonment. The matter is before the Court on Defendant Wood's June 21, 2024 *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

On January 30, 1998, Wood robbed a bank in Southfield, Michigan, at gunpoint. Ten days later, Wood robbed a gas station, at gunpoint. The State of Michigan arrested Wood and charged him for the gas station robbery.

On May 28, 1998, Wood was charged in federal court for the bank robbery. (ECF No. 1). On July 29, 1998, Wood pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a). (ECF No. 4). His Guidelines Range called for a sentence between 188 and 235 months on his federal conviction.

On September 9, 1998, a Michigan jury convicted Wood for the gas station robbery and for being a felon in possession of a firearm.  On September 28, 1998, Wood was sentenced to a minimum of 20 years in state prison.

On November 2, 1998, the Honorable Lawrence P. Zatkoff sentenced Wood to 188 months of imprisonment on his federal conviction.  (ECF No. 11). This sentence was at the bottom of Wood's Guidelines Range.  Judge Zatkoff ordered that Wood's federal sentence would run consecutive to his state sentence.

Wood appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his sentence on April 17, 2000.  *United States v. Wood*, 209 F.3d 847 (6th Cir. 2000). Wood petitioned for a writ of certiorari from the United States Supreme Court, but his petition was denied on July 31, 2000. (ECF No. 31).

Wood served 20 years in state prison.  On May 7, 2018, Wood finished his state sentence and was transferred to federal custody to begin serving his federal sentence.

About two years later, on June 30, 2020, Wood filed his first *pro se* motion for compassionate release.  (ECF No. 33).   In it, Wood argued that he may develop life-threatening symptoms if he were to become infected with COVID-19 because he has high blood pressure and heart problems.

On August 10, 2020, this Court issued an Opinion and Order wherein it denied Wood's request for counsel and also denied his Motion for Compassionate Release on the merits.  (ECF No. 41).  Among other things, this Court concluded that a consideration of the § 3553 factors weighed against granting relief.

On April 28, 2021, Wood filed his second *pro se* motion seeking compassionate release.

2

(ECF No. 45). In it, Wood: 1) continued to argue that he is entitled to compassionate release due to the pandemic and his medical conditions; and 2) asserted that his sentence should be reduced because he would no longer be a career offender if he were resentenced today. This Court denied Wood's second motion in an Opinion and Order issued on July 8, 2021, ruling: 1) that Wood had not established extraordinary and compelling circumstances that warrant his release; and 2) that a consideration of the § 3553 factors weighed against Wood's request for compassionate release in this particular case in any event.

On June 21, 2024, Wood filed his third *pro se* motion seeking compassionate release. (ECF No. 58). The Government again opposes Wood's motion.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant again argues that his request for compassionate release should be granted because his efforts towards rehabilitation, combined with his hypertension and other considerations, including the length of his sentence, constitute extraordinary and compelling circumstances.

This Court continues to conclude that Defendant Wood has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, this Court also continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

Wood only began serving his 188-month federal sentence in 2018. This Court concludes that Wood's long remaining sentence *weighs heavily* against release. The same is true of the very serious and troubling nature of Wood's offense – armed bank robbery. Wood also has a lengthy criminal history, that includes violence, and a lack of stable employment.

## CONCLUSION & ORDER

Accordingly, for all of the reasons set forth above, **IT IS ORDERED** that Wood's Third Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated:  September 16, 2024